IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MARILYN GIFFORD, obo,
DONALD M. GIFFORD, deceased,

        Plaintiff,        Civil No. 04-6312-HA

        v.        OPINION
                AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

---

Mark Manning
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
    Attorney for Plaintiff

Karin J. Immergut

1 - OPINION AND ORDER

United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204

Lucille G. Meis
Regional Chief Counsel
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104
    Attorneys for Defendant

HAGGERTY, Chief Judge:

Marilyn Gifford brings this action on behalf of her deceased husband, Donald M. Gifford.[1] She appeals the denial of Mr. Gifford's applications for disability insurance (DIB) under Title II of the Social Security Act (the Act). 42 U.S.C. § 405(g). For the reasons provided below, the Commissioner's decision is affirmed.

**ADMINISTRATIVE HISTORY**

Plaintiff protectively filed for DIB on November 18, 1999, alleging disability due to heart disease, congestive heart failure, diabetes mellitus with neuropathy and gastroparesis, hyperthyroidism, diabetic blindness, and a thyroid nodule. He alleged an onset date of February 22, 1995. Plaintiff's last date insured for DIB was December 31, 1998. Plaintiff's application was denied initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on March 20, 2002. The ALJ issued a decision finding

---

[1] For purposes of this Opinion and Order only, the court will refer to Mr. Donald M. Gifford as the plaintiff.

plaintiff not disabled within the meaning of the Act on April 12, 2002. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 422.210; *Russell v. Bowen*, 856 F.2d 81, 83-84 (9th Cir. 1988).

**FACTUAL HISTORY**

Plaintiff's last date of insured status was December 31, 1998. As such, plaintiff must prove that he was disabled on or before this date to recover DIB benefits. Plaintiff died on August 18, 2003. At the time of the hearing, he was sixty-three years old. He had completed high school and one year of college. His past relevant work experience included employment as an accountant, chief financial officer, and a corporate cost manager.

Plaintiff began treating with Dr. Robert Olson, M.D., in early 1995. On May 1, 1995, Dr. Olson noted that plaintiff was having difficulty concentrating and that it was interfering with his ability to work as an accountant. Plaintiff reported pain in his legs and occasional cramping which Dr. Olson attributed to plaintiff's diabetic neuropathy. On August 22, 1995, plaintiff reported to Dr. Olson that he was feeling much better and that the swelling in his leg had decreased. Dr. Olson noted that plaintiff's congestive heart failure had improved.

On February 3, 1997, plaintiff called Dr. Olson's office, reporting that his ankles were swollen. Nearly a year later, on January 14, 1998, Dr. Olson treated plaintiff for an upper respiratory infection. Dr. Olson wrote that plaintiff did not have swelling in his extremities.

After the March 2002 hearing, plaintiff's attorney sent a letter to Dr. Olson asking him questions regarding plaintiff's medical conditions prior to December 31, 1998. Dr.

Olson responded that plaintiff suffered from coronary artery disease, congestive heart failure, longstanding diabetes, memory loss, and diabetic neuropathy. He stated that the diabetes caused plaintiff chronic pain that would hinder his ability to perform full-time work. He also stated that plaintiff's cognitive impairments would interfere with his prior work as an accountant and chief financial officer, although he acknowledged that a formal mental status examination had not been performed.

This letter was submitted to the Appeals Council following the ALJ's decision. The Appeals Council reviewed the letter, but ultimately determined that the ALJ had ample evidence for his assessment that plaintiff retained the ability to perform sedentary work through December 31, 1998.

## STANDARDS

A person may be eligible for DIB if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1).

A claimant is disabled for purposes of the Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is so severe that he or she "is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB. 20 C.F.R. § 404.1520; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Below is a summary of the five steps:

<u>Step One</u>. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

<u>Step Two</u>. The Commissioner determines whether the claimant has one or more severe impairments. If not, the claimant is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

<u>Step Three</u>. Disability cannot be based solely on a severe impairment. Therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

When a determination of disability cannot be made at any of the first three Steps, the Commissioner then determines the claimant's residual functioning capacity (RFC), which is what the claimant can still do despite his or her limitations. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. If so, the claimant is not disabled. If the claimant demonstrates that he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds to Step Five. 20 C.F.R. § 404.1520(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds the claimant is able to perform other work, the Commissioner must determine the existence of a significant number of jobs in the national economy that the claimant can perform. The Commissioner may satisfy this burden through the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(f)(1); *see also Tackett*, 180 F.3d at 1099.

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Id.*

The Commissioner has an affirmative duty to develop the record. 20 C.F.R. § 404.1512(d); *DeLorme*, 924 F.2d at 849. In that sense, the proceedings are not adversarial,

and the Commissioner shares the burden of proof at all stages. *Id.*; *Tackett,* 180 F.3d at 1098 n.3.

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40 (citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, even a decision supported by substantial evidence must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.*

## ANALYSIS

The ALJ found at Step One that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. At Step Two, the ALJ found that plaintiff had several severe impairments; however, at Step Three, the ALJ found that none of plaintiff's

impairments, alone or in combination, met or equaled any of the listed impairments. The ALJ determined that plaintiff retained the RFC for sedentary work on and prior to December 31, 1998. Specifically, the ALJ determined that plaintiff had the capacity to carry up to ten pounds occasionally, stand and/or walk for at least two hours in an eight-hour workday, and sit for approximately six hours per workday. The ALJ found that plaintiff exhibited no nonexertional limitations. At Step Four, the ALJ found that plaintiff was able to perform his past relevant work as an accountant, and therefore, was not disabled within the meaning of the Act.

Plaintiff asserts that the ALJ erred by: (1) improperly rejecting Dr. Olson's opinion; and (2) improperly evaluating plaintiff's testimony.

<u>The ALJ properly rejected Dr. Olson's opinion</u>

When the claimant submits evidence after the ALJ's decision and the Appeals Council specifically considers that evidence, the district court must consider the rulings of both the ALJ and the Appeals Council, and the record for review includes the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-51 (9th Cir. 1993); 20 C.F.R. § 404.970(b). If the new evidence is material and there is good cause shown for the failure of the claimant to incorporate it into the record in the prior proceeding, the district court may remand the case to the ALJ for reconsideration. 42 U.S.C. § 405(g); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Although the court finds that Dr. Olson's letter submitted to the Appeals Council is material, there is no good cause shown why this letter, or the opinions contained therein, was

not presented to the ALJ. Nonetheless, this court still may consider the rulings of both the ALJ and the Appeals Council and, in light of the new evidence, determine whether the ALJ's decision is tainted by legal error or whether the denial of benefits is unsupported by substantial evidence in the record. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) (citation omitted).

The ALJ may reject the uncontroverted opinion of a treating physician only for clear and convincing reasons. *Andrews*, 53 F.3d at 1041 (citation omitted). Here, after considering the new evidence and reviewing the ALJ's opinion, the court finds the ALJ performed a thorough analysis of Dr. Olson's medical records regarding plaintiff and provided clear and convincing reasons for rejecting his opinion. The ALJ acknowledged that the records revealed that plaintiff reported to Dr. Olson in May 1995 complaining of some difficulty with concentration, pain in his legs, and occasional cramping. He also acknowledged that Dr. Olson reported that plaintiff's lungs were clear, and that his extremities were not swollen.

The ALJ recognized that three months later, plaintiff reported to Dr. Olson for complaints of leg swelling and that Dr. Olson diagnosed plaintiff with congestive heart failure secondary to ischemic cardiomyopathy. When plaintiff reported to Dr. Olson again in August 1995, he reported feeling much better and Dr. Olson noted that the swelling in plaintiff's leg had much decreased.

The ALJ also considered Dr. Olson's medical records from nearly three years later in January 1998, when Dr. Olson treated plaintiff for an upper respiratory infection. He

addressed Dr. Olson's report that plaintiff's lungs were clear, his heartbeat was regular, and he experienced no swelling in his extremities.

Given this evidence, the ALJ determined that although plaintiff had impairments that could reasonably cause some symptomatology and limitations, his allegations of severe limitations sufficient to prevent him from returning to his prior work were not supported by the medical evidence. The ALJ explained that plaintiff was assessed with congestive heart failure in August 1995, but progress notes from the following week demonstrate that plaintiff's condition improved after a change in medication. Plaintiff was also assessed with diabetes with neuropathy, but progress notes from May 1995 onward show that this condition was well controlled.

The court finds that Dr. Olson's conclusions as stated in his letter to the Appeals Council are inconsistent with his contemporaneous medical notes, which indicate that plaintiff was generally doing well and improving. The scarcity of records and large lapses in time between treatment also are persuasive that plaintiff was not in need of much treatment from Dr. Olson.

<u>The ALJ properly discredited plaintiff's testimony</u>

After a claimant has presented objective medical evidence of an underlying impairment and there is no evidence of malingering, to find the claimant not credible the ALJ must provide clear and convincing reasons supported by substantial evidence in the record. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (citation omitted). Permissible grounds for rejecting a claimant's testimony include: reputation for dishonesty; conflicts

between the claimant's testimony and daily activities; and internal contradictions in the claimant's testimony. *Id.*

Here, plaintiff reported to Dr. Olson in May 1995 that he had stopped taking Dilatin, a medication for his neuropathy. Dr. Olson indicated that plaintiff's failure to take his medication was exacerbating his symptoms. Plaintiff testified at the hearing that he had been taking Dilantin for several years and eventually cut back the dosage voluntarily because it caused him to become groggy at work. He reduced his daily intake so that the pain decreased, but he was still able to concentrate. Plaintiff also testified that during this time he was walking approximately one to four miles per day, despite pain in his legs and feet. In addition to this evidence, the ALJ considered plaintiff's testimony that he was still able to drive, walk for exercise, manage his finances, and sit without discomfort. Accordingly, the ALJ concluded that although plaintiff's "impairments have progressively worsened with time, his allegations regarding the severity of his limitations on or prior to December 31, 1998, are not entirely credible." AR 26. Mindful that it is the duty of the ALJ to make credibility determinations, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990) (citations omitted), the court finds that the ALJ adequately rejected plaintiff's testimony.

//
//
//
//
//

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this  7   day of July, 2005.

                                                            /s/Ancer L.Haggerty

                                                            Ancer L. Haggerty
                                          United States District Judge